SAM SERUTA *vs.* VINCENZO SURACE et al.

Cumberland.    Opinion April 11, 1914.

*Administration.   Assignment.   Equitable Assignment.   Exceptions.   Nonsuit.*
*Partnership.   Revised Statutes, Chapter 84, Section 146.   Set-off.*

The plaintiff, as a member of a copartnership, after the decease of his
copartner brought the action in his own name, without declaring in the
capacity of surviving partner.

*Held:*

1.  It is evident that the plaintiff's assignment must be regarded as an
equitable assignment.

2.  Such an assignment would carry with it the undoubted right to bring
suit in the name of the assigner, but not in his own, as the statute limits
the right of an assignee to bring suit in his own name to the method pre-
scribed in Revised Statutes, chapter 84, section 146.

3.  As the verbal assignment was made to the plaintiff as a member of the
firm, the law required him to bring suit in name of firm, if his copartner,
the assigner, was living and as surviving partner, if he was deceased.

4.  As surviving partner, the plaintiff was entitled to the control and admin-
istration of the assets by filing a statutory bond.

5.  At common law, he was entitled to such control and administration
without filing bond, but our statute has modified the common law to the
extent of requiring a bond.

6.  Having brought the suit in his individual capacity, the general issue
required him to establish the right to maintain his action in that form.

On exceptions by the plaintiff.   Exceptions overruled.

This is an action of assumpsit upon an account annexed to
recover for services alleged to have been performed by a certain
partnership of which the plaintiff was a member, for the defendants.
The plaintiff alleged that Henry Lamon, plaintiff's copartner, verb-
ally gave up and turned over to the plaintiff his interest in the
account sued.   The action was commenced after the decease of the
plaintiff's copartner and entered at the January term, 1913, of the
Superior Court for Cumberland County.   The defendants pleaded
the general issue.   At the conclusion of the evidence, the Judge of

the Superior Court for said Cumberland County ordered a nonsuit and the plaintiff excepted to said order.

The case is stated in the opinion.

*Dennis A. Meaher, and Henry N. Taylor,* for plaintiff.

*Connellan & Connellan,* for defendants.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, PHILBROOK, JJ.

SPEAR, J. This case comes up on exceptions by the plaintiff to a nonsuit ordered by the court at the conclusion of the plaintiff's testimony. A partnership, of which the plaintiff was a member, had an account against the defendants for services alleged to have been performed for them. After the decease of the plaintiff's copartner he brought suit upon the account in his own name, without declaring in the capacity of surviving partner, and without filing with his writ any assignment of the account, or copy thereof, although claiming that his partner's interest had been verbally "made over" to him. After a careful examination of the authorities the court is of the opinion that the nonsuit was properly ordered. From the testimony in the case it is very evident that the plaintiff's assignment, if as he claimed it, must be regarded as an equitable assignment. Such an assignment would carry with it the undoubted right of the assignee to bring suit in the name of the assignor but not in his own, as the statute limits the right of an assignee to bring suit in his own name to the method therein prescribed. R. S., chap. 84, sec. 146. The right of set off is also preserved. As the verbal assignment, which the plaintiff claims, was made to him as a member of the firm, the law required him to bring suit in the name of the firm. If his copartner, the assignor, was living; and as surviving partner if he was deceased; since, as surviving partner, he was entitled to the control and administration of the assets by filing the statutory bond. At common law he was entitled to such control and administration without filing bond, but our statute has modified the common law to the extent of requiring a bond. It is not contended that he filed any bond. Yet, had he brought suit in his capacity as surviving partner, his failure to file a bond could have been taken advantage of only by a plea in abatement. *Strang* v. *Hirst,* 61

Maine, 9. The general issue would have admitted the capacity in which he sued. *Strang* v. *Hirst,* supra. But having brought suit in his individual capacity the general issue required him to establish the right to maintain his action in that form. His proof failed to do this. It showed that the account upon which he brought suit was due, not to him in his individual capacity, but to the partnership of which he was the surviving member. Accordingly whether the account could be regarded as equitably assigned to him, or as an account due the partnership, he should have instituted his suit in the capacity of surviving partner. *Strang* v. *Hirst,* supra.

Again, as only a plea in abatement could reach the plaintiff's failure, in a suit as surviving partner, to file a bond, it is evident that, in bringing a suit in his individual capacity, he deprived the defendants of the opportunity to avail themselves of this defense, since they could not be required to anticipate or assume that he was prosecuting as surviving partner. In other words, the plaintiff by declaring individually deprived the defendants of one of the defenses which would otherwise have been open to them.

The order of nonsuit must be sustained.

*Exceptions overruled.*